IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>PLAINTIFF,<br><br>v.<br><br>EDMUND E. WILSON, an individual, and WALTER L. ROSS, an individual.<br><br>DEFENDANTS. | **DEFAULT AND FINAL JUDGMENT AS TO DEFENDANT EDMUND E. WILSON**<br><br>Civil No.: 2:13-cv-00188<br><br>District Judge David Nuffer |

The court, having reviewed the Securities and Exchange Commission's ("Commission") Motion for Default and Final Judgment against Defendant Edmund E. Wilson[1] ("Wilson" or "Defendant"), and for good cause appearing, hereby makes the following findings of fact:

## FINDINGS OF FACT

1. From September 2005 through June 2012 Wilson, through his company Fountain Group of Companies of Utah, Inc., offered and sold securities in unregistered transactions, raising at least $11 million from 60 investors.[2]

2. In soliciting investments with these misstatements, Wilson made material misrepresentations and omitted material facts to investors regarding, among other things, the existence of a bond backed by life settlement policies and the use of investor funds.[3]

3. Wilson acted with a high degree of scienter.

---

[1] Docket no. 17, filed July 12, 2013.

[2] Docket no. 2, filed March 14, 2013, at ¶¶ 1, 14, 39.

[3] *Id.* at ¶¶ 41-53.

4. In the course of this fraudulent conduct, Wilson fraudulently used at least $10,987,273.25 in investor funds.

5. The prejudgment interest, as calculated using the IRS underpayment rate, on the amount of $10,987,273.25 is $5,089,068.90.

6. The Commission filed a Complaint against Defendant on March 14, 2013.[4]

7. On May 24, 2013, Defendant was served with the Summons and the Complaint filed by the Commission in this action.[5]

8. The affidavit of service was provided to the Court on May 30, 2013.[6]

9. On June 27, 2013, the Clerk of the Court entered a Default Certificate against Wilson.[7]

10. On June 12, 2013, the date the Commission filed its motion for default judgment against Wilson, Wilson had failed to file a response to the allegations contained in the Commission's Complaint.

11. On August 14, 2013, the court entered an order advising Wilson that the court would rule on the Commission's motion for default and final judgment based on the state of the record as of 4:00 pm on Wednesday August 21, 2013.[8] The order further advised Wilson that should he fail to file an answer or other response to the Commission's complaint by that time, that default and final judgment would be entered against Wilson.[9] Notwithstanding this order, Wilson failed to file an answer or other response to the Commission's complaint.

---

[4] Docket no. 2.
[5] Docket no. 6, filed May 30, 2013.
[6] *Id.*
[7] Docket no. 14, entered June 27, 2013.
[8] Docket no. 21.
[9] *Id.*

12. Wilson is not an infant or incompetent[10] and the court has personal jurisdiction over Wilson and subject matter jurisdiction over this case.

Based on the foregoing, and after a careful review of the record, the court being fully advised:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or

---

[10] Docket no. 2 at p. 3.

otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)  Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)  Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by directly or indirectly making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered in accordance with Section 15(b) of the Securities Act.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $10,987,273.25, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $5,089,068.90, for a total of $16,076,342.15.  Defendant shall satisfy this obligation by paying $16,076,342.15 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Edmund E. Wilson as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

6

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a third-tier civil penalty in the amount of $8,980,000.00 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act.  This amount is calculated as follows:

Defendant defrauded one investor prior to March 2009.[11]  The maximum third tier civil penalty for this violation is $130,000.00.[12]  Defendant defrauded at least fifty-nine (59) additional investors beginning in 2007 and continuing through 2012.[13]  The maximum third tier penalty for these violations is $150,000.00 for each violation,[14] for an amount of $8,850,000.00 for these fifty-nine (59) violations, and a total penalty amount of $8,980,000.00.  Defendant shall make this payment within 14 days after entry of this Final Judgment.

---

[11] Docket no. 2, Compl. at ¶¶ 20-27.

[12] *See* 17 C.F.R. § 201.1003 and Table III to Subpart E.

[13] Docket no. 2, Compl. at ¶¶ 1, 28, 39.

[14] *See* C.F.R. § 201.1004 and Table IV to Subpart E.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Edmund E. Wilson as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated September 6, 2013.

                BY THE COURT:

                _____
                David Nuffer
                United States District Judge